UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT BELCHER | ) | |
|     Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 02-CV-11512 |
| | ) | |
| CITY OF BROCKTON, | ) | |
|     Defendant | ) | |

## ANSWER OF THE DEFENDANT, CITY OF BROCKTON, AND JURY CLAIM

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's Complaint fails to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the loss or damages alleged.

### THIRD DEFENSE

The defendant responds to the allegations contained in the plaintiff's Complaint, paragraph by paragraph, as follows:

### PARTIES

1. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

2. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

3. The defendant admits the allegations in this paragraph.



## FACTS

4.  The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

5.  The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

6.  The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

7.  The defendant admits that on or about June 6, 1999, the plaintiff notified the Brockton Police Department that he intended to repossess a 1985 BMW 318 from 113 Highland Street, Brockton, Massachusetts. The defendant is without sufficient knowledge to either admit or deny the remaining allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

8.  The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

9.  The defendant admits that on or about June 6, 1999, the plaintiff notified the Brockton Police Department that he intended to repossess a 1985 BMW 318 from 113 Highland Street, Brockton, Massachusetts. The defendant is without sufficient knowledge to either admit or deny the remaining allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

10. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

11. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

12. The defendant admits that on June 24, 1999, it received a report from Karen Nulph, 113 Highland Street, Brockton, Massachusetts, that her car had been towed from her residence on June 6, 1999, by Trimline Auto of Boston to BEM Autobody and Trimline Auto Sales. The defendant denies the remaining allegations contained within this paragraph and, therefore, calls upon the plaintiff to prove same.

13. The defendant admits to the allegations in this paragraph.

14. The defendant admits that on or about June 6, 1999, the plaintiff notified the Brockton Police Department that he intended to repossess an 85 BMW 318 from 113 Highland Street, Brockton, Massachusetts. The defendant is without sufficient knowledge to either admit or deny the remaining allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

15. The defendant denies the allegations in this paragraph.

16. The defendant denies the allegations in this paragraph.

17. The defendant denies the allegations in this paragraph.

18. The defendant denies the allegations in this paragraph.

19. The defendant admits to the allegations in this paragraph.

## COUNT I
### Violation of Civil Rights

20. The defendant reasserts and incorporates by reference its previous answers contained within the previous paragraphs as if set forth fully herein.

21. The defendant admits that on or about June 6, 1999, the plaintiff notified the Brockton Police Department that he intended to repossess a 1985 BMW 318 from 113 Highland Street, Brockton, Massachusetts. The defendant is without sufficient knowledge to either admit or deny the remaining allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

22. The defendant denies the allegations in this paragraph.

23. The defendant denies the allegations in this paragraph.

24. The defendant denies the allegations in this paragraph.

## Count II
### Malicious Prosecution

25. The defendant reasserts and incorporates by reference its previous answers contained within the previous paragraphs as if set forth fully herein.

26. The defendant admits the allegations in this paragraph.

27. The defendant denies the allegations in this paragraph.

28. The defendant denies the allegations in this paragraph.

29. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

30. The defendant denies the allegations in this paragraph.

31. The defendant denies the allegations in this paragraph.

### Count III
### Defamation/Injury to Reputation

32. The defendant reasserts and incorporates by reference its previous answers contained within the previous paragraphs as if set forth fully herein.

33. The defendant admits the allegations in this paragraph.

34. The defendant is without sufficient knowledge to either admit or deny the allegations in this paragraph and, therefore, calls upon the plaintiff to prove same.

35. The defendant denies the allegations in this paragraph.

### Count IV
### Negligent and Intentional Infliction of Emotional Distress

35. The defendant reasserts and incorporates by reference its previous answers contained within the previous paragraphs as if set forth fully herein.

37. The defendant denies the allegations in this paragraph.

38. The defendant denies the allegations in this paragraph.

### Count V
### Tortious Interference with Plaintiff's Business Relationship

39. The defendant reasserts and incorporates by reference its previous answers contained within the previous paragraphs as if set forth fully herein.

40. The defendant denies the allegations in this paragraph.

41. The defendant denies the allegations in this paragraph.

42. The defendant denies the allegations in this paragraph.

43. The defendant denies the allegations in this paragraph.

44. The defendant denies the allegations in this paragraph.

45. The defendant denies the allegations in this paragraph.

46. The defendant denies the allegations in this paragraph.

### FOURTH DEFENSE

The defendant states that the plaintiff, by his conduct and actions, cannot recover in this action.

### FIFTH DEFENSE

The defendant states that its actions and conduct were protected by law and/or legal process and, therefore, the plaintiff cannot recover.

### SIXTH DEFENSE

The defendant states that at all times material hereto, it acted reasonably, within the scope of its official discretion and with a good faith belief that its actions were lawful and not in violation of any clearly-established statutory or constitutional right of which a reasonable person would have known with regard to all matters set forth in the Complaint which bear on a question of state or federal law.

### SEVENTH DEFENSE

The defendant states that its actions are entitled to protection from liability under the doctrine of qualified immunity.

### EIGHTH DEFENSE

The defendant states that it is privileged in its conduct and acts and, therefore, the plaintiff cannot recover.

### NINTH DEFENSE

The defendant, the City of Brockton, cannot be held liable under 42 U.S.C. §1983 because it did not deprive the plaintiff of a constitutional or statutory right by virtue of a governmental policy or custom adopted, permitted or condoned by the City of Brockton.

### TENTH DEFENSE

The defendant states that it acted in good faith and without malice, in the reasonable belief that the plaintiff's conduct was unlawful. Therefore, the plaintiff cannot recover.

### **ELEVENTH DEFENSE**

The defendant states that it had probable cause to believe that plaintiff's conduct was unlawful. Therefore, the plaintiff cannot recover.

### **TWELFTH DEFENSE**

The plaintiff failed to make proper presentment against the defendant, City of Brockton, pursuant to G.L. c. 258, §4, Therefore, the plaintiff cannot recover.

### **THIRTEENTH DEFENSE**

The plaintiff's claims against the defendant, City of Brockton, under G.L. c. 258 are barred by Section 10(b) of that statute.

### **FOURTEENTH DEFENSE**

The plaintiff's claims against the defendant, City of Brockton, under G.L. c. 258 are barred by Section 10(c) of that statute.

### **FIFTEENTH DEFENSE**

The plaintiff's claims against the defendant, City of Brockton, under G.L. c. 258 are barred by Section 10(e) of that statute.

### **SIXTEENTH DEFENSE**

The defendant's conduct did not amount to threats, intimidation or coercion within the meaning of G.L. c.12, §§11H & 11I. Therefore, the plaintiff cannot recover under that statute.

### **SEVENTEENTH DEFENSE**

The plaintiff's claims are barred under the doctrines of res judicata and claim preclusion.

### **EIGHTEENTH DEFENSE**

The defendant is not a "person" subject to liability under G.L.c. 12, §§11H & 11I.

### **NINETEENTH DEFENSE**

The plaintiff's claims against the defendant, City of Brockton, under G.L.c. 258 are barred by Section 10(h) of that statute.

## JURY CLAIM

The defendant demands a trial by jury on all issues.

>Defendant,
>CITY OF BROCKTON
>By its attorneys,
>
>**PIERCE, DAVIS & PERRITANO, LLP**
>
>_____
>John J. Davis, BBO #115890
>Maureen L. Pomeroy, BBO# 645263
>Ten Winthrop Square
>Boston, MA 02110
>(617) 350-0950

I certify that this document has been served upon all counsel of record in compliance with the M.R.C.P.

Dated: July 30, 2002